# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **CASEY DALE BARNES,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:18-cv-01030 |
| ) | Judge Aleta A. Trauger |
| **JESSICA GARNER et al.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

Before the court are *pro se* plaintiff Casey Dale Barnes' Objections (Doc. No. 21) to the magistrate judge's Report and Recommendation ("R&R") (Doc. No. 20), conducting an initial review of the Amended Complaint. The R&R recommends that the plaintiff's Eighth Amendment and retaliation claims under 42 U.S.C. § 1983 be dismissed but that his due process claims against one of the two defendants be permitted to proceed. For the reasons set forth herein, the court will overrule the Objections and adopt and accept the R&R in its entirety.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The R&R contains a detailed summary of the factual and procedural history of this case, which the court incorporates by reference. The court restates only those facts relevant to an assessment of the plaintiff's Objections to the R&R.

The plaintiff initially filed suit in the Chancery Court for Trousdale County, Tennessee against Rusty Washburn, Warden of the Trousdale Turner Correctional Complex ("TTCC"), and Sgt. J. Garner, TTCC Disciplinary Board Chairperson, asserting claims under 42 U.S.C. § 1983 for violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. The defendants removed the case to federal court on October 9, 2018, on the basis

of federal-question jurisdiction. The undersigned referred the case to the magistrate judge for entry of a scheduling order, decision on all nondispositive matters, and a report and recommendation on any dispositive matters. (Doc. No. 7.)

In December 2018, the plaintiff filed a motion for leave to amend his complaint, but he did not attach a proposed amended complaint to the motion, as required by Local Rule 15.01(a)(1). In April 2019, the magistrate judge entered an Order directing the plaintiff to supplement his motion for leave to amend by filing his proposed amended complaint. The Order specifically notified the plaintiff that the proposed amended complaint should "restate the entirety of [the] complaint with any amendments incorporated." (Doc. No. 16.) The plaintiff thereafter filed the proposed amendment and supporting documentation. The defendants opposed the motion to amend on the grounds that the new claim, for retaliation, would fail on the merits and that amendment would therefore be futile.

The Amended Complaint, like the original, alleges that defendants Washburn and Garner are employees of CoreCivic, Inc., a private, for-profit corporation formerly known as Corrections Corporation of America, that operates several correctional facilities in Tennessee by contract with the Tennessee Department of Correction ("TDOC"). Washburn is the Warden of TTCC, and Garner served as a sergeant and chair of the TTCC disciplinary committee while the plaintiff was incarcerated there.[1] The plaintiff alleges that the defendants failed to protect him from a brutal attack by four gang members also incarcerated at TTCC, in violation of the Eighth Amendment, that they wrongly convicted him of disciplinary violations without due process, and that other CoreCivic employees, at both TTCC and HCCF, retaliated against him by altering his

---

[1] The plaintiff was transferred to Hardeman County Correctional Facility ("HCCF"), also operated by CoreCivic, in May 2018. He is currently incarcerated at the Turney Center Industrial Complex – Annex, operated by TDOC.

sentence structure to prevent his release on parole. These unnamed CoreCivic employees seek to prevent him from obtaining parole because they are trying to "keep [him] from getting out and expos[]ing them for the ASSAULTS." (Doc. No. 17-7, at 11.)

The magistrate judge entered an order on July 2, 2019, granting the plaintiff leave to amend his complaint. On the same date, however, the magistrate judge issued the R&R conducting an initial review of the Amended Complaint, as required by 28 U.S.C. § 1915A,[2] and recommending that the Eighth Amendment and retaliation claims be dismissed for failure to state a claim for which relief may be granted. The R&R further recommends, however, that the due process claims be permitted to proceed against defendant Garner. (Doc. No. 20.)

More specifically, the R&R recommends that the Eighth Amendment claim be dismissed because the plaintiff does not identify any of the officers who allegedly failed to protect him from attack and delayed his placement in protective custody, and he does not allege any facts that would allow the court to infer that defendants Washburn and Garner were involved in or aware of the incidents about which the plaintiff complains or that they encouraged the conduct or in some way directly participated in it. (*See* Doc. No. 20, at 7–8.) The R&R recommends the dismissal of the retaliation claim, because the relief that the plaintiff seeks in connection with this claim—declaratory and injunctive relief requiring the parole board to "reinstate the previously granted parole approval"—is only available through a petition for the writ of habeas corpus and not through an action under 42 U.S.C. § 1983. (Doc. No. 20, at 8–9 (citing *Wilkinson*

---

[2] This statute requires the court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to dismiss any claims that are "frivolous, malicious, or fail to state a claim for which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a) & (b).

*v. Dotson*, 544 U.S. 74, 81–82 (2005); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).)

The plaintiff's Objections do not actually address the conclusions undergirding the magistrate judge's determination that dismissal of those claims is required. As best the court can understand, the plaintiff objects to the recommendation that his Eighth Amendment claim be dismissed, essentially because it is not his fault that he has been unable to identify the officers who were actively involved in failing to protect him from being stabbed, beaten, and raped in his cell. He states that he was unable to name the individual officers who failed to protect him because, pursuant to CoreCivic policy, the prison guards "are trained to neve[r] give out the[ir] information" to inmates, and, in addition, he was incoherent as a result of the assault. (Doc. No. 21, at 1.) He claims that the officer on his pod that day was a female whose name tag showed only her last name and that his concerted efforts to identify her were rebuffed by the facility until she was finally "moved to another housing unit to stop her from any further involvement in [the plaintiff's] unit." (*Id.*) The plaintiff claims that this officer "opened the unit door and unlocked [his] cell door and let the inmates in to hurt [him]." (*Id.* at 2.) The plaintiff also insists that he wrote letters to every department in the administration but has not been able to obtain her identity. He claims that TTCC has numerous security cameras that should be able to substantiate his allegations and that this is the reason he needs an attorney to help him with discovery.

The plaintiff objects to the dismissal of his retaliation claim on the basis that "[t]he Core Civic employees have lied and cheated and caused [him] more harm, pain, and suffering than anything in [his] whole life" and that, after the assault in his cell, he was "threatened by many different officers to just let it go." (*Id.* at 2.)

The plaintiff also states that the magistrate judge has "slightly misunderstood" his complaint, insofar as he was "never served any of the write ups against" him but, instead, was only allowed to see some copies through the window of his cell door. (*Id.*) He was told he could not have copies.

Finally, he argues more generally that he needs the video footage of the disciplinary hearings in order to prove his claims and that he needs an attorney to assist him in that process and in obtaining his complete medical file.

## II. STANDARD OF REVIEW

When a party files objections to a magistrate judge's report and recommendation regarding a dispositive matter, the district court must review *de novo* any portion of the report and recommendation to which objections are "properly" lodged. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B) & (C). An objection is "properly" made if it is sufficiently specific to "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Special Learning, Inc. v. Step by Step Acad., Inc.*, 751 F. App'x 816, 819 (6th Cir. 2018) (citations omitted). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

### A. Eighth Amendment Claim

The plaintiff's objection to the dismissal of his Eighth Amendment claim is not sufficiently specific to constitute a "properly lodged" objection, in particular because it does not actually address the true basis for the magistrate judge's recommendation.

The only named defendants are TTCC Warden Rusty Washburn and TTCC Disciplinary Board Chair Sgt. Jessica Garner. The Amended Complaint, however, does not allege any facts pertaining specifically to either defendant. It does not allege facts showing that either defendant knew or should have known, prior to the attack, that the plaintiff was at risk, that they deliberately disregarded a known risk, or that there was anything in particular they could or should have done to protect the plaintiff from injury. In addition, although the plaintiff now claims that one individual female officer was responsible for letting the gang member inmates who beat and raped him into his cell, that allegation appears no where in his Amended Complaint or in the administrative record attached to the Amended Complaint. There are no facts in the Amended Complaint that would permit holding the defendants liable for failing to protect the plaintiff from the attack.

In addition, as the magistrate judge explained, a supervisory employee, such as the Warden, cannot be individually liable under § 1983 for the actions of the individuals he supervises solely on the basis that he is a supervisor:

> "[A] supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016). Rather, a supervising official's "'failure to supervise, control or train the offending individual'" is only actionable if "'the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Id.* at 242 (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "'[A]t a minimum,' the plaintiff must show that the defendant 'at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Id.*

(Doc. No. 20, at 8.) The plaintiff here has not alleged any facts that would give rise to supervisory liability.

Further, insofar as the plaintiff is attempting to state a claim against either defendant in his or her official capacity based on a policy or procedure of the facility, the plaintiff has not

alleged facts that would support that type of claim either. *See, e.g.*, *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (entity "can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation'" (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981), and *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

In conducting an initial review of a prisoner complaint under 28 U.S.C. § 1915A, the court accepts the factual allegations as true. These factual allegations indicate that the plaintiff suffered a horrendous and undoubtedly traumatizing attack while he was incarcerated at TTCC. He has not alleged facts, however, to show that Warden Washburn or Sgt. Garner was responsible for that attack or the failure to protect him from it. The objections to the dismissal of the plaintiff's Eighth Amendment claim, such as they are, are without merit.

B.  **Retaliation Claim**

The magistrate judge recommends that the retaliation claim be dismissed because the only relief the plaintiff appears to seek in connection with this claim is an injunction ordering the Tennessee Board of Parole (which is not a party to this lawsuit) to "reinstate the previously granted parole approval which was rescinded once parole had been approved but the plaintiff's sentence was 'changed' by CoreCivic at Trousdale Facility thereafter." (Doc. No. 17, at 11.) Elsewhere, the plaintiff alleges that individuals at HCCF were involved in changing his sentence structure. (*See* Doc. No. 17-7, at 10 ("[O]ne (1) hour before he was set to be released the Core Civic emp[loyee] h[ere] at Hardeman County Correctional Complex [c]hanged and altered his sentence structure . . . .").) The plaintiff's success on this claim would necessarily imply the invalidity of his continued confinement; as a result, the relief he seeks is only available through a petition for the writ of habeas corpus. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation [of his conviction or sentence]) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its

duration.").

In his Objections, the plaintiff does not contest the R&R's conclusion in that regard. Instead, he insists that unidentified CoreCivic employees have lied and cheated, causing him significant harm. He does not identify who these employees are, however, or explain how Warden Washburn or Sergeant Garner should be responsible for their conduct. Thus, even if the Amended Complaint could be construed as stating a claim for damages or as requesting another parole hearing, it does not allege facts showing that the named defendants could be held liable for the alleged retaliation. The objections related to the recommendation that the plaintiff's retaliation claim be dismissed are also without merit.

### C. Remaining Objections

The plaintiff's remaining objections relate to the magistrate judge's treatment of his due process claims, specifically, that the magistrate judge incorrectly interpreted his pleading as showing that he eventually received copies of some of the disciplinary write-ups against him. He maintains that he never received any copies of the write-ups but was merely allowed to view some of them. He also continues to insist that he needs an attorney to help him with discovery.

These objections are without merit because the magistrate judge determined that the due process claims against Garner should be permitted to proceed, and the plaintiff will be permitted to conduct discovery related to those claims.

## IV. CONCLUSION & ORDER

For the reasons set forth herein, the plaintiff's Objections are **OVERRULED**, and the court **ADOPTS AND ACCEPTS** in its entirety the R&R's recommendation that the plaintiff's Eighth Amendment and retaliation claims be dismissed. Those claims are hereby **DISMISSED**, and Warden Washburn is **TERMINATED** as a party to this action. The due process claims against defendant Garner shall proceed past this initial review.

This case is returned to the magistrate judge for further handling under the original referral order.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge